(164 App. Div. 656)

LANDY v. GOETZ et al. (No. 278/113.)

(Supreme Court, Appellate Division, Third Department. November 25, 1914.)

WITNESSES (§ 275*)—CROSS-EXAMINATION OF PARTY.

Plaintiff testified that, while tearing down a wall, he heard defendant direct other workmen to clean all the rubbish off the floor and posts, and that in obedience to that order such workmen removed the posts supporting the timbers upon which he was standing. *Held* that, as plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claimed that the order either was a direction to remove the posts or was susceptible of being misunderstood, and was negligent in any case, it was proper to ask plaintiff on cross-examination whether he understood that anything was directed to be removed except the rubbish.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

Howard, J., dissenting.

Appeal from Albany County Court.

Action by Thomas J. Landy against William L. Goetz and Fred Bohl, copartners. From a judgment for plaintiff, and an order denying their motion for new trial, defendants' appeal. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William H. Foster, of Syracuse (Andrew J. Nellis, of Albany, of counsel), for appellants.

Robert W. Scott, of Albany (Joseph A. Murphy, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, J. Plaintiff, an employé of the defendants in demolishing a building, claims that while he was engaged in tearing down a wall other employés of the defendants working with him caused the posts supporting the timbers upon which he was standing to be removed, and alleges that such removal was by the direction of one of the defendants, as the result of an order carelessly given. The plaintiff heard the defendant direct the other workmen "to clean all the rubbish off the floor and posts," and contends that the other workmen understood this to be an order to remove the posts, which removal caused his injury. The jury have found that the direction so given was an order to remove the posts, or was so carelessly given that it might well have been so understood by the workmen.

The plaintiff, upon cross-examination, was asked, in substance, whether when he heard the order he understood that it required anything to be removed except the rubbish. The plaintiff's objection to the question was sustained and exception taken. It is manifest that, if the plaintiff understood that the workmen were directed to remove the posts, he cannot complain because they understood it in the same way. If he understood the posts were to be removed, he was called upon to take care of himself. His understanding, therefore, bore directly upon the question whether he was guilty of contributory negligence.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOWARD, J., who dissents.